ALICE COREY *vs.* CATHERINE SMITH.

DECEMBER 31, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence. It was heard by a justice of the superior court sitting without a jury and a decision was rendered for the defendant. The case is now before us on the plaintiff's bill of exceptions which contains the single exception to that decision.

It appears from the evidence that the plaintiff, a mature woman, and her mother, on July 6, 1942, went to the place of business in Providence of the defendant, who had been licensed as a hairdresser for over eighteen years. The visit of the two women was made so that each might obtain a permanent wave for her hair. The plaintiff at that time received from the defendant such a wave, which involved the use of certain electrical apparatus; and it is not disputed that during this operation or process the plaintiff's scalp was burned. The extent of the burning is, however, in some conflict. For the plaintiff there was evidence, in substance, that there were on her scalp two places where there were three third degree burns, and in addition several other places where there were burns of a lesser nature. On the other hand, a doctor, who was a specialist in skin diseases and who

examined plaintiff's head approximately three months after the burning, testified that there was a place about the size of a nickel showing a scar which could have been caused by a third degree burn. On that scar, in his opinion, hair would not grow again. He also testified that the plaintiff complained to him of another area on the anterior part of her scalp but that he found no permanent injury at that point.

In the instant action the plaintiff is seeking damages for the above burning. In her declaration she merely alleges in general terms and without specification that the defendant applied an electrical apparatus to the plaintiff's head in such a careless, negligent and reckless manner that her scalp was burned. The declaration also contains the allegation that the plaintiff was in the exercise of due care.

The evidence showed that the plaintiff was to receive from the defendant a machine wave for her hair. After the latter had shampooed and dried the plaintiff's hair two felt pads were placed on her head underneath a spacer, so called, in order to protect her scalp from undue heat. The hair was moistened slightly with a solution and was then drawn through the pads in small amounts and wound around metal clamps or rods so as to cause it to curl when heat was applied. According to the defendant this was done by bringing down the flap from a cap-like heating machine, which was placed on the plaintiff's head, and by attaching the flap to the clamps or rods on which the hair was already wound. A clock was attached to the heater and, in this instance, was set by the defendant so as to automatically shut off the heat after eight minutes' application. According to the uncontradicted evidence this procedure was in accord with the proper practice and custom of the hairdressing art. It was also in evidence that the hairdresser, if exercising proper care, should not leave the customer unattended during this operation.

In the instant case it is the plaintiff's contention that the defendant did not follow the above rule, but went out of her

place of business and left the plaintiff unattended for several minutes while the heat was being applied. It is her claim that during this period the apparatus became so hot as to cause the burns in question. The plaintiff testified that she complained to her mother, who was in an adjoining booth, about the excessive heat and asked her where the defendant was, but made no outcry of any kind. According to the plaintiff, when the defendant returned she did not turn off the electric current or remove the heater from plaintiff's head but applied additional pads, which did not entirely remedy the situation.

On the other hand, the defendant testified that at no time did she go away from her place of business or leave the plaintiff unattended while the heat was being applied. The defendant also stated that the plaintiff did not make any complaint, while receiving the permanent wave, that the heater was too hot or that she was being burned. The undisputed testimony shows that a hairdresser cannot from mere observation tell whether or not the customer is receiving excessive heat, and that such fact must be communicated to the hairdresser by the customer. In this connection plaintiff was asked in cross-examination whether she called for help when she felt that her head was burning, and she testified that she was not that type; that she could stand quite a bit; that she was not in the habit of hollering when she was hurt; and that she did not holler this time.

It is also admitted that when the defendant had finished giving the permanent waves to both the plaintiff and her mother they paid her the charges without complaint and without alluding to any burning. After receiving her permanent wave about eight days passed before the plaintiff consulted the defendant about the burns.

As above indicated, the testimony relating to the chief issues here was in absolute conflict. The decision therefore depended upon the impression which the witnesses made upon the trial justice in respect to their credibility and upon the reasonable inferences to be drawn from the evidence.

In deciding for the defendant, he found that she did not leave the plaintiff unattended during the process of giving her the permanent wave, and by clear inference that the plaintiff did not at that time complain that the heat being applied to her head was excessive or that she was being burned. Near the conclusion of his decision he made a further finding that the preponderance of the credible testimony showed that the plaintiff had negligently contributed to her own injury and was barred from any recovery.

The plaintiff contends that the decision of the trial justice was based solely on the finding that she was guilty of contributory negligence and that the reasons given for such finding show that he misconceived the evidence. Upon consideration we do not agree that the trial justice based his decision solely on his conclusion that the plaintiff was guilty of contributory negligence.

In our opinion he first found that the plaintiff had not convinced him by a fair preponderance of the credible evidence that the defendant was guilty of any negligence. In this connection he made findings of fact favorably to the defendant on the only issues which could be relied upon, under the allegations and the evidence, to establish negligence on the part of the defendant. There was evidence, if believed, to support his findings that the defendant never left the plaintiff unattended during the period while the heat was being applied to her head; that the plaintiff never made any complaint about excessive heat so as to require any action by the defendant; and that, under all the circumstances, the defendant otherwise acted as a prudent operator and in the exercise of due care in accordance with the approved practices and customs of her business.

On the record before us these issues were controlling in the matter of the defendant's alleged negligence and we do not find that the trial justice, in making his findings thereon, misconceived the law or the evidence. It is therefore our opinion that no reason exists to take this case out of the well-established rule that the decision of a trial jus-

tice, based upon conflicting evidence, will not be disturbed unless his findings are clearly wrong. In view of the above conclusion, it becomes unnecessary for us to discuss the issue of the plaintiff's alleged contributory negligence and the further finding of the trial justice in connection with that issue.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment for the defendant on the decision.

*Joseph H. Coen, A. Louis Rosenstein, Alfred H. O. Boudreau,* for plaintiff.

*William B. Sweeney, Everett D. Higgins,* for defendant.